SEALED

**FILED**

**FEB 16 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 06-330 (RJL) |
| | : | |
| v. | : | Plea Hearing: January 8, 2007 |
| | : | |
| PATRICK M. YANSANE, | : | (UNDER SEAL) |
| | : | |
| Defendant. | : | |

## UNITED STATES' SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING OF PATRICK M. YANSANE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

**I.    ELEMENTS OF THE OFFENSE:**

The essential elements of the offense of Unlawful Possession with Intent to Distribute 50 Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, in violation of 21 U.S.C. Section 841 are:

1. That the defendant possessed a controlled substance; and,

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently; and,

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person; and,

4. That the substance was 50 grams or more of cocaine base, also commonly known as crack, which is smokeable or capable of being smoked.

In order to establish the first element of this offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance.

A measurable amount is an amount that can be assigned a numerical value, although no particular value must be given.

See District of Columbia Criminal Jury Instruction 4.29 (1993) ("Red Book").

## II.   COPY OF THE PLEA AGREEMENT:

A copy of the defendant's plea agreement, not yet executed by the defendant or defendant's counsel, is attached.

## III.   FACTUAL PROFFER IN SUPPORT OF PATRICK M. YANSANE'S GUILTY PLEA:

If this case were to go to trial, the Government's evidence would establish the following beyond a reasonable doubt:

On September 23, 2006, at approximately 1:03 a.m., at 7th and G Streets, in Northwest, Washington, D.C., Metropolitan Transit Police Department Officers observed the defendant, Mr. Patrick M. Yansane, urinating in public at the above location. The defendant was stopped by the officers, who asked him for his identification card. The defendant did not produce any identification and he did not comply with the officers numerous requests to keep his hands out of his pockets. The officers conducted a pat down of the defendant for weapons and, with the defendant's consent, recovered a man purse from the defendant's left front vest coat pocket.

At that point, the defendant began to run away from the officers southbound on 7th Street. After a brief foot chase, the defendant was apprehended and placed in handcuffs. When asked why he had run from the officers, the defendant stated, "because it was drugs in the man purse." The officer opened up the man purse, which contained six fist-size plastic bags of a white-rock substance. The substance field tested positive for the presence of crack cocaine.

A further search incident to the defendant's arrest revealed an additional plastic bag

containing a white powder substance in the defendant's front left pocket. This substance field tested positive for powder cocaine.

The DEA conducted forensic analysis of the cocaine base and cocaine hydrochloride recovered from the defendant and confirmed the presence of cocaine base, also known as crack, which is smokeable or capable of being smoked, with a net weight of 173.1 grams and a concentration of 72%. The DEA conducted forensic analysis of the cocaine hydrochloride recovered from the defendant and confirmed the presence of cocaine hydrochloride with a net weight of 14.2 grams and a concentration of 79%.

The defendant, Mr. Yansane, knowingly and intentionally possessed the cocaine base, also known as crack, as well as the cocaine hydrochloride, with the specific intent to distribute it.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By:   AARON H. MENDELSOHN
       Assistant United States Attorney
       Bar No. 467-570
       Federal Major Crimes Section
       555 4th Street, N.W. (Room 4239)
       Washington, D.C. 20530
       (202) 514-9519

## DEFENDANT'S ACCEPTANCE

I have read this submission, including the elements of the offense section, the attached plea agreement, and the factual proffer, and have discussed it with my attorney, David W. Bos, Esquire. I fully understand this submission and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this submission and the attached plea agreement. I am satisfied with the legal services provided by my attorney in connection with this submission and plea agreement and matters related to it.

Date: 1-8-07

Patrick M. Yansane
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this submission and the attached plea agreement, reviewed them with my client, and discussed the provisions of the submission and agreement with my client, fully. These pages accurately and completely sets forth the entire submission and plea agreement. I concur in my client's desire to plead guilty as set forth in this submission and agreement.

Date: 1-8-07

David W. Bos, Esquire
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause a copy of the foregoing to be served upon the attorney for the defendant, David W. Bos, Esquire, Esquire this 21st day of December, 2006.

Aaron H. Mendelsohn
Assistant United States Attorney