UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 06-330 (RJL) |
| ) | |
| ) | |
| PATRICK M. YANSANE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
(July 6, 2016) [Dkt. # 32]

Before the Court is defendant Patrick Yansane's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, Def.'s Mot. to Reduce Sentence ("Def.'s Mot.") [Dkt. # 32], which the Government opposed, *see* Gov't's Opp'n to Def.'s Mot. to Reduce Sentence ("Gov't's Opp'n") [Dkt. # 34]. Upon consideration of the parties' pleadings, the relevant law, and the entire record herein, the Court DENIES defendant's motion.

## BACKGROUND

On February 16, 2007, Patrick Yansane pleaded guilty to one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). *See* Minute Entry (Feb. 16, 2007); Plea Agreement ¶ 1 [Dkt. # 9]. In his plea agreement, Yansane acknowledged he was accountable for at least 150 grams but less than 500 grams of crack, Plea Agreement ¶ 2, and in the factual proffer accompanying his plea he specifically admitted to possessing 173.1 grams of

crack, *see* Gov't's Submission to the Ct. in Preparation for the Upcoming Plea Hr'g of Patrick M. Yansane 3-4 [Dkt. # 8].[1] At the time I sentenced him, on March 6, 2008, an offense involving at least 150 grams but less than 500 grams of crack cocaine carried a base offense level of 32, *see* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(4) (2007) (Drug Quantity Table), and the statutory mandatory minimum sentence for offenses involving 50 grams or more of crack was 120 months in prison, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). At sentencing, I determined that the applicable guideline sentencing range was 151 to 188 months, based on an offense level of 32 and a criminal history category of III,[2] and I sentenced him to 188 months, at the high end of that range. *See* Minute Entry (Mar. 6, 2008); Judgment [Dkt. # 19]; Statement of Reasons [Dkt. # 22]; Sentencing Tr. (Mar. 6, 2008) at 24, 33; U.S.S.G. ch. 5, pt. A (Sentencing Table) (2007).

Subsequently, Congress passed the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which reduced the statutory mandatory minimum sentences

---

[1] The Presentence Investigation Report ("PSR") also specifically found Yansane accountable for 173.1 grams of crack. PSR (Feb. 5, 2008) at 4.

[2] Probation calculated Yansane's guideline sentencing range to be 188 to 235 months in prison. *See* PSR at 13. Probation reached this range by calculating a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4) (2007), then applying the career offender enhancement under U.S.S.G. § 4B1.1(b) (2007) to reach an adjusted offense level of 34 (which also increased his criminal history category to Category VI), and then decreasing the adjusted offense level by three points, down to 31, for acceptance of responsibility under U.S.S.G. § 3E1.1 (2007). PSR at 4-5. At sentencing, however, I declined to apply the career offender enhancement, and I also denied credit for acceptance of responsibility. *See* Sentencing Tr. at 24. I therefore determined the offense level to remain at 32 and, with a criminal history category of III, I found the applicable guideline range to be 151 to 188 months. *See id.*; Statement of Reasons [Dkt. # 22].

applicable to certain quantities of crack.[3] Pursuant to the FSA, the U.S. Sentencing Commission amended the guidelines to reduce the base offense levels for quantities of crack. *See* U.S.S.G. App. C, Vol. III, Amends. 748 (2010), 750 (2011). The Commission also determined that the new base offense levels should apply retroactively in sentence reduction proceedings under 18 U.S.C. § 3582(c)(2). *See id*. Amend. 759 (2011). Thereafter, on June 7, 2012, defendant filed a motion to reduce his prison sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750, as well as Congress' enactment of the FSA. On July 23, 2014, I issued a Memorandum Order granting defendant's motion in part and shortened the prison term from 188 to 151 months.[4] Mem. Order (July 23, 2014) [Dkt. # 31].

Effective November 1, 2014, the Sentencing Commission amended and lowered the base offense levels by two points for nearly all drug offenses pursuant to Amendment 782. *See* U.S.S.G., Supp. to App. C, Amend. 782 (Nov. 1, 2014). Amendment 782 reduces Yansane's total offense level by two points. Currently before this Court is defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782. *See* Def.'s Mot.

---

[3] Under the FSA, 50 grams of crack is no longer the threshold for a 120-month mandatory minimum sentence. Instead, 280 grams is the threshold for 120 months, while offenses involving at least 28 but fewer than 280 grams now carry a 60-month mandatory minimum. *See* FSA § 2(a) (codified as amended at 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii)).

[4] It was undisputed that any such reduction could not be lower than the 120-month statutory mandatory minimum sentence that was in force on the date I sentenced him. *See* Def.'s Mot. for Hr'g on Def.'s Mot. to Reduce Sentence [Dkt. # 30] at 1; *United States v. Swangin*, 726 F.3d 205, 206-07 (D.C. Cir. 2013) (holding that FSA's lower mandatory minimums do not apply retroactively in 18 U.S.C. § 3582(c)(2) proceedings).

## ANALYSIS

Under 18 U.S.C. § 3582(c)(2), a defendant may move for a reduction in his sentence if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* The Court's power to reduce a sentence is discretionary. *See id.*; *United States v. Kennedy*, 722 F.3d 439, 442 (D.C. Cir. 2013). "A section 3582(c)(2) proceeding is not a plenary resentencing proceeding, nor is it a license for the defendant to re-litigate his sentence wholesale or challenge previously adjudicated aspects of his conviction." *United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (internal quotation marks and citations omitted). Accordingly, in evaluating such a motion, this Court conducts only "a limited, two-step inquiry." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). First, I must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized" by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1) (brackets in original)). Next, if the defendant is eligible, I must then "consider any applicable § 3553(a) factors and determine whether, in [my] discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

On July 23, 2014, I issued a Memorandum Order granting in part defendant's previous motion to reduce his sentence pursuant to Amendment 750, which reduced base offense levels for quantities of crack. *See* Mem. Order (July 23, 2014); U.S.S.G. App. C,

4

Vol. III, Amends. 748 (2010), 750 (2011), and 759 (2011). At the time of the requested reduction, the effective amended guideline range was 120 to 121 months.[5] *See* U.S.S.G. § 5G1.1. While the statute authorized a potential reduction in sentence to as low as 120 months, I determined a smaller reduction was appropriate and shortened the prison term from 188 to 151 months in prison.

Here, as before, it is undisputed that Yansane is eligible for a sentence reduction, this time pursuant to Amendment 782. It also remains undisputed, however, that any reduction may not result in a sentence lower than the 120-month statutory mandatory minimum sentence that was in force on the date I sentenced him. *See* Gov't's Opp'n at 10-14; Def.'s Mot. for Hr'g on Def.'s Mot. to Reduce Sentence [Dkt. # 30] at 1; *United States v. Swangin*, 726 F.3d 205, 206-07 (D.C. Cir. 2013) (holding that FSA's lower mandatory minimums do not apply retroactively in 18 U.S.C. § 3582(c)(2) proceedings).

---

[5] Yansane pleaded guilty to an offense involving at least 150 grams but less than 500 grams of crack, which at the time of sentencing carried a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4) (2007) (Drug Quantity Table). At the initial sentencing, I made no adjustments to the offense level of 32 and thus determined that his guideline range was 151 to 188 months (with a criminal history category of III). *See* U.S.S.G. § 2D1.1(c)(4) (2007) (Drug Quantity Table); Sentencing Tr. at 24.

In my previous order reducing defendant's sentence pursuant to Amendment 750, I found the quantity of crack for which Yansane is accountable to be 173.1 grams, based on his admission in the factual proffer accompanying his plea, *see supra* p. 2, which carried a base offense level of 28. Mem. Order (July 23, 2014) at n.4; *see Wyche*, 741 F.3d at 1293 (holding that in a § 3582(c)(2) proceeding "a resentencing court is permitted to make an independent drug quantity finding if it cannot determine the defendant's amended guideline range without doing so"); U.S.S.G. § 2D1.1(c)(6) (2013) (Drug Quantity Table). Substituting his new offense level of 28 under the retroactive amendment 750 to the crack guidelines, and "leav[ing] all other guideline application decisions unaffected," U.S.S.G. § 1B1.10(b)(1), including his criminal history category of III, I determined that Yansane's amended guideline range would be 97 to 121 months, absent the impact of the 120-month statutory mandatory minimum sentence. Mem. Order (July 23, 2014) at n.4; *see* U.S.S.G. ch. 5, pt. A (Sentencing Table). Hence the effective amended guideline range of 120 to 121 months.

Thus I must determine whether to reduce defendant's sentence any further, to as low as 120 months. For the following reasons, I find that no further reduction is warranted.

At issue here is Amendment 782, under which the Sentencing Commission amended and lowered the base offense levels by two points for nearly all drug offenses, effective November 1, 2014. *See* U.S.S.G., Suppl. to App. C, Amend. 782 (Nov. 1, 2014). This broad reaching amendment differs from the two earlier rounds of amendments to U.S.S.G. § 2D1.1 that were limited to offenses involving crack cocaine base only, including Amendment 750, the basis for defendant's previous sentence reduction motion. *See* Gov't's Opp'n 3.

Amendment 782 reduces the sentencing guideline range applicable to Yansane to 120 months. Under the current system, defendant's conviction of the crime of possession with intent to distribute crack cocaine base would be subject to a guideline range based upon a total offense level of 26 and Criminal History Category III, or a range of 78-97 months in prison. *See* U.S.S.G. § 2D1.1(c)(7) (2016) (Drug Quantity Table). Both parties correctly observe that the 173.1 grams of crack cocaine base for which defendant is accountable would carry a five-year mandatory-minimum term if he were convicted today, *see* 21 U.S.C. § 841(b)(1)(A), (B)(iii), but acknowledge that the Court lacks authority to sentence defendant to a prison term shorter than 120 months, the applicable statutory minimum prison term at the time of his original conviction and thus the effective guideline range here. *See* Def.'s Mot. 3; Gov't's Opp'n 4; *see also Swangin*, 726 F.3d at 206-07.

Having determined the applicable guideline range to be 120 months, I must determine whether any further reduction to Yansane's 151-month sentence "is warranted . . . under the particular circumstances of th[is] case." *Dillon*, 560 U.S. at 827. I conclude it is not. As before, in making this discretionary determination I must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(ii). Although the legal basis for the reduction request has changed, the 120-month floor remains unchanged and my evaluation of the § 3553(a) factors and public safety leads me to the same result, particularly given defendant's criminal history, the scope of his crime, and his pattern of dangerous conduct. I incorporate my prior evaluation of the relevant factors herein:

> Based on my evaluation of the § 3553 factors and the public safety, I find that some reduction is warranted based on Amendment 750, but *I decline to give a reduction to the 120-month floor.* Yansane's conviction in this case resulted from possessing a significant quantity of drugs, and when he came before me for sentencing he already had a criminal history of multiple prior convictions for drug possession with intent to distribute. Further, after he pleaded guilty on February 16, 2007, and was released on personal recognizance, but before sentencing, I issued a bench warrant for him on April 11, 2007, for violations of his conditions of release, and on October 5, 2011, he was arrested and his bond was revoked. Meanwhile, on August 31, 2007, Prince George's County (Maryland) Circuit Court issued a bench warrant for Yansane after he failed to appear for an initial arraignment on charges of possession with intent to distribute cocaine, possession of cocaine, possession of marijuana, and other charges. In other words, while awaiting sentencing in this Court, defendant allegedly committed the exact same type of drug offense to

7

> which he had just pleaded guilty in this Court, and thus demonstrated a continuing pattern of possession with intent to distribute dangerous drugs—behavior from which public must be protected. As I noted at sentencing when I declined to give Yansane any credit for acceptance of responsibility in light of this pre-sentencing conduct, *I determined that he warranted a sentence sufficiently above the mandatory minimum to reflect the seriousness of his conduct.*

Mem. Order (July 23, 2014) at 6-7 (emphasis added) (footnotes and citations omitted). Thus, I decline to reduce defendant's sentence any further and find that defendant's carefully calibrated 151-month sentence remains appropriate.

Accordingly, taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a) and the policy statement set forth at U.S.S.G. § 1B1.10, defendant's Motion to Reduce Sentence is hereby DENIED. A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge